```
            UNITED STATES DISTRICT COURT
             MIDDLE DISTRICT OF FLORIDA
                    TAMPA DIVISION
```

**CLINTON LAMPLEY,**

    Plaintiff,

**v.**                                      **Case No. 8:05-CV-1895-T-EAJ**

**JO ANNE B. BARNHART,**
**Commissioner of Social Security,**

    Defendant.

_____/

## FINAL ORDER

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, Title 42 United States Code, Section 405(g), to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his claim for disability insurance benefits("DIB")and supplemental security income ("SSI")under the Act.[1]

The undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge ("ALJ"), the exhibits filed and the administrative record, and the pleadings and memoranda submitted by the parties in this case.

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(Dkt. 13).

**A.    Standard of Review**

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence in the record as a whole. See 42 U.S.C. § 405(g)(2003). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support the conclusion." Foote v. Chater, 67 F.3d 1553, 1560 (11th Cir. 1995) (citation omitted).  If there is a substantial evidence to support the Commissioner's findings, this court may not "decide facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (citations omitted). "Even if the evidence preponderates against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence."  Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (citations omitted).

If this court finds that the Commissioner committed an error of law, this court must remand the case to the Commissioner for application of the correct legal standard. See Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993) (citation omitted). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then a remand to the Commissioner for clarification is required.  See Jamison v. Bowen, 814 F.2d 585, 588 (11th Cir. 1987).

**B. Factual Background**

Plaintiff filed an application for disability, DIB, and SSI benefits on April 1, 2003, alleging disability beginning March 21, 2003. (T 60-71) Plaintiff's application was denied initially and upon reconsideration. (T 13, 20, 30, 33-34) Plaintiff requested a hearing which was held on May 11, 2005, before the ALJ. (T 253) In a decision dated July 27, 2005, the ALJ found Plaintiff not disabled as defined under the Act at any time through the ALJ's decision. (T 20) Plaintiff timely filed a Request for Review of the ALJ's decision. (T 252A) The Appeals Council denied Plaintiff's request for review on August 19, 2005, making the ALJ's decision the final decision of the Commissioner. (T 6-8) Plaintiff filed a timely petition for judicial review of the Commissioner's denial of benefits.  Plaintiff exhausted all administrative remedies and the Commissioner's decision is ripe for review under the Act.

Plaintiff was forty-four years old at the time of the administrative hearing.  He has more than a high school education and has past work experience as a resident care aide, flagger, road crew laborer, dishwasher, stocker, kitchen helper, groundskeeper, and clean-up worker. (T 14, 72-79, 257-58) Plaintiff alleges disability due to a herniated disc in his lumbar spine, resulting residual pain, and pain in his left leg due to a healed injury. (T 101) Plaintiff states that these impairments have

prevented him from engaging in any substantial gainful activity since March 18, 2003. (T 63)

After reviewing Plaintiff's medical records and Plaintiff's testimony, the ALJ found that Plaintiff suffered from residual internal fixation resulting from a healed fracture of the left distal tibia/fibula and a lumbar disc herniation. (T 19) However, the ALJ determined that these are severe but not severe enough to meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No.4. (Id.)

The ALJ also determined that Plaintiff retained the residual functional capacity ("RFC") to perform a significant range of sedentary work, as Plaintiff could lift and carry ten pounds occasionally, walk up to two hours at a time, stand for up to two hours at a time, and sit for up to two and a half hours at a time. (Id.) Relying on the testimony of a vocational expert ("VE"), the ALJ concluded that, although Plaintiff was unable to perform a full range of sedentary jobs, Plaintiff could work as telephone solicitor, check cashier, and food and beverage order clerk. (Id.) Additionally, the ALJ found that Plaintiff's allegations regarding his limitations were not totally credible. (Id.)

**C.   Discussion**

Plaintiff asserts two issues.  First, Plaintiff argues that the ALJ erred in rejecting the opinion of Stan Zemankiewicz, M.D. ("Dr. Zemankiewicz"), an orthopedic surgeon (Dkt. 17, at 6).

Second, Plaintiff asserts that the ALJ improperly applied the pain standard and incorrectly evaluated Plaintiff's credibility. (Id. at 8.) The medical evidence has been summarized in the ALJ's decision and will not be repeated here except to address the issues presented.

**1.   The ALJ's Consideration of Dr. Zemankiewicz's Medical Opinion.**

Plaintiff contends that the ALJ erred in rejecting the medical opinion of Dr. Zemankiewicz as not supported by substantial evidence[2] (Dkt. 17, at 6). With respect to Dr. Zemankiewicz's opinion, the ALJ stated that the opinion could not be accepted because Dr. Zemankiewicz only examined the Plaintiff once and the examination notes and findings are not in the record. (T 16)

The ALJ considers many factors when weighing medical opinions, including the examining relationship, the treatment relationship, whether an opinion is amply supported, whether an opinion is consistent with the record, and a doctor's specialization. 20 C.F.R. § 404.1527(d). Substantial weight must be given to the opinion of a treating physician unless there is good cause to do otherwise. Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991); 20 C.F.R. § 404.1527(d).  A one-time examining physician is not a

---

[2] The record contains only Dr. Zemankiewicz's deposition. (T 220) Plaintiff offered in his memorandum to supplement the record with Dr. Zemankiewicz's examination notes (Dkt. 17, at 6). This court cannot consider the request to supplement the record unless this court remands the case pursuant to 42 U.S.C. §405(g).

5

treating physician. See McSwain v. Bowen, 814 F.2d 617, 619 (11th Cir. 1987). Further, the specialist's opinion is generally entitled to more weight than the opinions of non-specialists. See 20 C.F.R. § 404.1527(d)(5). However, if the specialist's opinion is inconsistent, it deserves less deference. See Guilliams v. Barnhart, 393 F.3d 798, 803 (8th Cir. 2005). Finally, the ALJ may reject the opinion of any physician when the evidence supports a contrary conclusion. Sharfarz v. Bowen, 825 F.2d 278, 280 (11th Cir. 1987) (citation omitted).

Plaintiff argues that because Dr. Zemankiewicz's opinion was the only specialist's opinion based on objective findings – Plaintiff's MRI test – it should be afforded more weight than opinions rendered by other physicians in the record (Dkt. 17, at 6-7).

In evaluating Plaintiff's RFC, ALJ examined medical records containing opinions of Plaintiff's treating physician, two orthopedic surgeons, two state agency physicians, and MRI results. (T 15-18) There is no serious debate as to Plaintiff's underlying medical condition; the parties contest only how the conditions affect Plaintiff's ability to work. All doctors' opinions, but for Dr. Zemankiewicz's, consistently found that Plaintiff was able to work with some restrictions. Specifically, Miguel Eisen, M.D. ("Dr. Eisen"), James Melton, Jr., M.D. ("Dr. Melton"), R.H. Cintron, M.D., and Keith Holden, M.D., opined that

Plaintiff was able to lift and/or carry more than ten pounds, was capable of walking and/or standing up to two hours at a time, and up to six hours during a work day. (T 164, 167, 170-77, 178-85, 192) The MRI results showed no significant spinal canal stenosis. (T 16) Dr. Zemankiewicz, however, found that Plaintiff should do "no work at all physical". (T 225) Thus, Dr. Zemankiewicz's conclusion is contrary to all other medical evaluations in the record.

Additionally, the ALJ is not required to assign specific weight to Dr. Zemankiewicz's opinion because he saw Plaintiff on one occasion only, and his notes and findings are not in the record. Thus, it is reasonable to conclude that Dr. Zemankiewicz was a one-time examiner, not a treating physician, and as such his opinion does not require the same type of deference as a treating physician's opinion. See Gibson v. Heckler, 779 F.2d 619, 623 (11th Cir 1986). The ALJ did consider Dr. Zemankiewicz's opinion. The ALJ mentioned Dr. Zemankiewicz by name and cited to the administrative record Exhibit 11F, deposition of Dr. Zemankiewicz. (T 16) Thus, the ALJ properly exercised his fact-finding role in evaluating the record and weighing the medical evidence.

Here, substantial evidence supports the ALJ's finding that the opinion of Dr. Zemankiewicz was inconsistent with other evidence in the record, Dr. Zemankiewicz was not a treating physician, and thus his opinion was entitled to less weight. Accordingly, the ALJ

7

properly evaluated all available medical records and sufficiently articulated his reasons for not giving substantial weight to Dr. Zemankiewicz's findings. (T 16-17)

Plaintiff further argues that ALJ erred in giving significant weight to the opinion of the Plaintiff's treating physician, Dr. Eisen, over that of Dr. Zemankiewicz (Dkt. 17, at 8). This argument is without merit because it is well established that an opinion of the treating physician must be given controlling weight unless good cause is shown to the contrary. See Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Edwards, 937 F.2d at 583; Broughton v. Heckler, 776 F.2d 960, 961-62 (11th Cir. 1985).

Here, since no good cause was shown for discrediting the treating physician's opinion, ALJ correctly gave greater weight to Dr. Eisen's conclusions. Furthermore, the ALJ correctly found that because Dr. Zemankiewicz examined Plaintiff on only one occasion, his opinion was not entitled to great weight. See McSwain, 814 F.2d at 619(noting that a doctor who examined a claimant on only one occasion was not considered a "treating physician").

Based on the foregoing, this court finds that the ALJ's determination that Plaintiff was not disabled was supported by substantial evidence and should be upheld. Martin, 894 F.2d at 1529 (citations omitted).

**2. The ALJ's Determination of Plaintiff's Credibility**

Plaintiff next contends that the ALJ's credibility findings

were in error because the ALJ failed to articulate a substantial basis for rejecting Plaintiff's subjective pain testimony. (Dkt. 17, at 8-9).

Under the Eleventh Circuit's pain standard, when a plaintiff seeks to introduce his subjective pain testimony in support of his disability claim, he must show "(1) evidence of the underlining medical condition, and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." Dyer, 395 F.3d at 1210 (citation omitted). Nevertheless, the ALJ may reject testimony that meets this standard if substantial evidence supports the ALJ's decision and if the ALJ articulated explicit and adequate reasons for his decision. Id. If an ALJ rejects a claimant's testimony regarding pain, he must articulate specific reasons for doing so. Walker v. Bowen, 826 F.2d 996, 1004 (11th Cir. 1997) (citations omitted). A lack of an explicit credibility finding warrants a remand when credibility is critical to the outcome of the case. Foote, 67 F.3d at 1562.

The ALJ considered medical opinions concerning Plaintiff's capacity which, except for one, concluded that Plaintiff could work with some limitations, such as no repetitive bending, climbing, twisting, lifting more than 10 pounds. (T 168-69, 170-77, 178-85)

9

On the other hand, Plaintiff testified that he suffered from back pain due to the herniated disc that radiates into his legs, neck and shoulders. (T 264) Plaintiff further stated that he was able to sit for only for thirty or thirty-five minutes at a time, walk short distances with a cane, and stand for five minutes at a time. (T 260-61) Yet further, Plaintiff noted that he took over-the-counter medication to relieve his pain. (T 267) After evaluating the record, the ALJ concluded that Plaintiff's testimony as to disabling pain is not totally credible because medical evaluations suggest Plaintiff is able to work within the limits of his residual functional capacity. (T 18-19) The ALJ's adverse credibility determination must be supported by substantial evidence. See Allen v. Sullivan, 880 F.2d 1200, 1202-03 (11th Cir. 1989).

Here, the evidence indicates that Plaintiff was diagnosed with a herniated disc, that he suffered from a healed fracture of the left distal tibia/fibula, and that he was prescribed pain medication. (T 168-69, 191-93) In addition, the ALJ noted that Dr. Melton, diagnosed Plaintiff with low back pain and Dr. Eisen recorded Plaintiff's complaints of continued back pain. (T 15, 164)

Next, the ALJ analyzed Plaintiff's daily activities, including Plaintiff's testimony of attending church and elders' meetings, and preaching until recently. (T 16, 259-61) The ALJ concluded that Plaintiff's testimony was inconsistent with Plaintiff's complaints of being able to sit only for thirty or thirty-five minutes at a

10

time, walk short distances with a cane, and stand for five minutes at a time. (T 16) The ALJ reasoned that Plaintiff's testimony regarding the pain was inconsistent with Plaintiff's daily activities, resulting in the ALJ's finding that Plaintiff was not fully credible.(T 16) However, participation in everyday activities of short duration do not disqualify a claimant from disability. See Lewis, 125 F.3d at 1441.

Furthermore, the ALJ failed to evaluate Plaintiff's testimony regarding inability to afford prescribed pain medication. Specifically, Plaintiff stated that he obtained prescription medication when he visited the emergency room. (T 267) Plaintiff further stated that he could not afford to buy prescription medications when it ran out because he had no Medicaid coverage. (Id.)

The regulations provide that refusal to follow prescribed medical treatment without a good reason will preclude a finding of disability. See 20 C.F.R. § 416.930(b). However, case law is clear that poverty is a good reason for substituting a prescribed medication with over-the-counter treatment because "[t]o a poor person, a medicine that he cannot afford to buy does not exist." Lovelace v. Bowen, 813 F.2d 55, 59 (5th Cir. 1987). Moreover, an adverse disability determination based on the claimant's failure to follow prescribed treatment due to the lack of funds is improper. Lovejoy v. Heckler, 790 F.2d 1114, 1117 (4th Cir. 1986). "Levels of medication and the extent of attempts to obtain relief are both

11

valid considerations in evaluating Plaintiff's subjective complaints of disabling pain." <u>Bates v. Barnhart</u>, 222 F. Supp. 2d 1252, 1261 (D. Kan. 2002) (citations omitted).

Therefore, the ALJ's consideration of Plaintiff's credibility is flawed by the ALJ's failure to address the over-the-counter medication issue and whether Plaintiff was unable to afford prescription medication. Accordingly, on remand, the ALJ shall address this issue and cite specific evidence supporting the evaluation of Plaintiff's testimony regarding the disabling pain he alleged.[3]

### D. Conclusion

While finding a remand necessary, the court expresses no opinion as to what the result should be on remand. However, both parties should be afforded an opportunity to present additional evidence on the issues presented.

Accordingly and upon consideration, it is **ORDERED** that:

(1) the decision of the Commissioner is reversed and remanded for further proceedings consistent with the foregoing; and

---

[3] The court has considered whether the other evidence cited by the ALJ provides substantial evidence to support the ALJ's credibility determination. While daily activities are pertinent, <u>see</u> <u>e.g.</u> <u>Macia v. Bowen</u>, 829 F.2d 1009, 1012 (11th Cir. 1987), Plaintiff's church activities cited by the ALJ do not provide the sufficient quantum of evidence to uphold the credibility decision.

(2)   the Clerk of Court enter final judgment in accordance with 42 U.S.C. § 405(g) as a "sentence four" remand and close the file, with each party bearing his own costs and expenses.

**DONE AND ORDERED** in Tampa, Florida on this 27th day of October, 2006.

_____
ELIZABETH A JENKINS
United States Magistrate Judge

13